IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JAMES JAMAL JACKSON,
    Petitioner

       V                     C.A. No. 05-91 ERIE

WARDEN BROOKS,
    Respondent


## REPLY BRIEF TO THE COMMONWEALTH Response


1.  AND NOW, This 5th day, OF July 2005 Comes Petitioner James Jamel Jackson. Petitioner was found guilty of robbery, conspiracy To commit robbery, fire arms not to be carried without a License, terroristic Threats, simple assult, and recieving stolen property. On October 24, 2000 Petitioner was sentenced by The Hon Ernest J. Disantis, Jr. To Serve a Term of incarceration of from sixty six (66) To one hundred Thirty Two (132) months

2. Petitioner, through his Trial counsel, filed a motion for Judgment of Acquittal and/or New Trial in which he raised the following claims: 1) The verdict was not supported by the weight or sufficiency of the evidence; and 2) The sentence was not supported by the evidence. This motion was denied by the Court of Common Pleas on November 3, 2000.

3. Petitioner filed a Timely notice on December 1, 2000. On direct appeal Petitioner claimed that the verdict was against the weight and sufficiency of the evidence, and that the sentence was manifestly excessive.

4. The Superior Court of Pennsylvania affirmed the Judgment of sentence on January 10, 2002. Accordingly, Petitioner's Judgment of sentence became final February 11, 2002, which date marked the expiration of the period within which Petitioner was allowed to file a petition for Allowance of Appeal with the Pennsylvania Supreme Court.

5. Petitioner ask Does The superior Court have Jurisdiction To denie a Petition For Allowance of Appeal To the Pennsylvania Supreme Court.

6. Therefore, The Petitioner(s) was not required To file a petition For Allowance of appeal To the supreme Court, mainly based on The 1999 ruling That a Defendant has exhausted all state remedies at The Superior court Level. which Time the Commonwealth Clearly States in its response P.2 That The petitioner in Fact exhausted all state remidies For purpose of. Federal habeas relief. See Pa. R.A.P 1114.

Hereafter, The Petitioner(s) Filed his First P.C.R.A petition on October 14, 2002. The court of Common Pleas denied This petition on January 29, 2003. That Petition was dismissed as untimaly when infact The Lower court Erraed, By dismissing The first P.C.R.A Petition as untimely.

7. Petitioner argues the unexhausted claims hold merital review by the United States District Court. The courts state there is Exceptions to this rule, which exist, where there is an absence of availble state corrective process or circumstances exist that render such process ineffective to protect the rights of the petitioner. 28 U.S.C § 2254 (b)(B)(i) and (ii); Peterkin v. Horn, supra.

8. Petitioner ask the District Court to grant relif and allow petitioner to be called back to the lower courts to address the unexhausted claims.

WHEREFORE, For all the above reasons the the Petitioner respectfully requests that the Petitioners Writ of Habeas Corpus be granted, and that the District Courts call upon the Petitioner to exhaust the unexhausted issues.

Respectfully submitted

James Jackson

James Jackson, pro se

Petitioner

Date: 7-5-05

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES JAMEL JACKSON

    Petitioner

    V

Warden BROOKS    C.A. No  05-91 ERIE

    Respondent

## Certificate of service

I hereby certify that I, JAMES JAMEL JACKSON, pro se Petitioner, this 5th Day of July 2005. am serving the foregoing Petitioners Response to the Commonwealth Rebutal to Petitioners writ of Habeas corpus upon the persons and in the manner indicated below.

District Attorneys office    Clerk's office

Erie county courthouse    U.S. federal courthouse

140 west sixt st    17 south park Row

Erie PA 16501    Erie PA 16501

James Jackson

JAMES JACKSON pro se

petitioner.