IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES JAMAL JACKSON,          )
                                 )
             Petitioner,     )
                                 )
              v.          )      Civil Action No. 05-91E
                                 )      JUDGE McLAUGHLIN
WARDEN BROOKS,             )      CHIEF MAGISTRATE JUDGE BAXTER
                                 )
             Respondent.    )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

## II.    REPORT

Petitioner, James Jamal Jackson, is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. Jackson is serving a sentence of 5 ½ to 11 years imprisonment for a September 2000 conviction of robbery and related offenses. The relevant procedural history will be set forth in the body of the report.

### A.    Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus proceeding is whether the petition was timely filed under the applicable one-year limitations period. Generally, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that state prisoners file their federal habeas petition within one year of any of four enumerated events:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1-2).

In determining whether a petition for writ of habeas corpus has been timely filed under AEDPA, a federal court must undertake a three-part inquiry.  First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In this case, Jackson was convicted by a jury on September 12, 2000, and was sentenced on October 24, 2000.  His direct appeal concluded on November 26, 2001, when the Superior Court of Pennsylvania affirmed the judgment of sentence (State Court Record, Docket #28).  Accordingly, Jackson's conviction became "final" 30 days later, or on December 26, 2001, when the time for filing a petition for allowance of appeal in the Supreme Court of Pennsylvania expired.  Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90–day time limit for filing a writ of certiorari in the Supreme Court).  The instant petition was filed on March 30, 2005, more than 3 years after the conviction became final, and more than 2 years after the

expiration of the limitations period. This Court must, accordingly, determine whether petitioner may take advantage of the "tolling" provision in section 2244(d)(2).

Jackson filed a petition pursuant to the Post Conviction Relief Act (PCRA) on October 24, 2002 (State Court Record, Docket #31). Therefore, almost ten (10) months of the one-year limitations period expired before any possible tolling event occurred. Jackson's first PCRA was denied by the trial court on January 24, 2003 (State Court Record, Docket #36). Jackson did not timely appeal from the denial of PCRA relief, but instead filed a motion seeking to modify his sentence on February 21, 2003, which was denied by the state court on February 25, 2003 (State Court Record, Docket # 37). No appeal was attempted from this order, either.

On July 3, 2003, Jackson filed a second PCRA petition which was denied as being an improper second or successive PCRA petition (State Court Record, Docket #s 40, 45). Jackson appealed this order to the Superior Court, which affirmed on June 7, 2004, holding that Jackson's second PCRA was untimely (State Court Record, Docket #47). Jackson's subsequent petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on December 8, 2004 (State Court Record, Docket #49).

Assuming that both Jackson's initial PCRA petition and his motion seeking modification of sentence are considered "properly filed" state court collateral appeals, he is entitled to tolling from October 24, 2002, until March 25, 2003, which is when the appeal period expired on the trial court's order denying Jackson's motion to modify his sentence. See Swartz, 204 F.3d at 420 (The time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought). Thus, AEDPA's limitations period ran unabated between March 25, 2003, and the filing of Jackson's second PCRA petition on July 3, 2003, which is a period in excess of three months. This period, at least, must be added to the 10 months which elapsed between the date Jackson's conviction became final and the filing of his first PCRA petition. Therefore, AEDPA's one year limitations period expired prior to the time that Jackson filed his second PCRA petition, making any tolling effect of that petition irrelevant, and making this petition untimely.

Moreover, the state courts denied Jackson's second PCRA as untimely filed. By definition, his second PCRA petition does not qualify as a "properly filed" state court collateral appeal for purposes of 28 U.S.C. § 2244(d)(2). In <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000), the Supreme Court defined the meaning of a "properly filed" state court collateral appeal for purposes of AEDPA. Specifically, the Court held that a pleading is filed "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record." <u>Id</u>. The Court further clarified that a pleading is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Id</u>. Here, the Superior Court expressly ruled that Jackson's second petition was filed outside of the state's one-year statute of limitations. Federal courts are bound by state court findings concerning whether collateral appeals have properly been filed. <u>Merritt v. Blaine</u>, 326 F.3d 157, 166 (3d Cir. 2003)("we hold that we are bound by the state court's finding that Merritt's second PCRA petition was untimely."). Jackson's second petition does not toll AEDPA's limitation, making his petition even further out of time by a period of about 20 additional months.

Nothing in the record indicates that Jackson is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show that any of his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2254(d)(1)(C-D).

Finally, the one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, --- U.S. ---- 125 S.Ct. 1807, 1814, *reh'g denied,* --- U.S. ----, 125 S.Ct. 2931 (2005). Also, "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from

- 4 -

asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted);  Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ).  Here, the record yields no basis for equitably tolling the statute of limitations.  Thus, petitioner's claims are time-barred, and this petition should be dismissed.

### B.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

Because the petition is barred by the statute of limitations, a certificate of appealability should be denied.

### CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2006

- 6 -